Submitted on briefs September 19, affirmed October 17, 1922.

## CRANE v. OLCOTT ET AL.

(209 Pac. 608.)

**Bounties—Widow of Deceased Soldier Entitled to Bonus in Her Individual, and not in Her Representative, Capacity.**

1.  Where plaintiff's deceased husband during his lifetime made application under Laws of 1921, Chapter 201, to the World War Veterans' State Aid Commission for a bonus to which he was entitled, and that commission approved his application, and the Secretary of the State sent him a voucher, with directions to sign and return it and he would be paid, but he died before doing this, his widow was entitled to this bonus in her individual capacity, and not in her representative capacity as his administratrix, under Section 5.

**Bounties—Where Veteran's Application for Bonus was Approved, but not Paid, His Widow not Required to Make Formal Application.**

2.  Laws of 1921, Chapter 201, requiring a World War veteran to apply for his bonus within one year from the date of the act or of his discharge, has no application to the claim of such a veteran's widow, where the veteran during his lifetime made the required application, and his claim was approved.

From Marion: PERCY R. KELLY and GEORGE G. BINGHAM, Judges.

In Banc.

The plaintiff is the widow of Fred H. Crane, deceased, and is the duly qualified administratrix of his estate. Her deceased husband was a veteran of the World War, and if living, would be entitled to receive a cash bonus from the state, as provided by Chapter 201, Laws of 1921. In his lifetime he made application to the defendants, who constitute the World War Veterans' State Aid Commission, for the payment of a bonus, as provided by said act. His application was approved, and an order was entered directing the payment of his claim. Pursuant thereto, a voucher and receipt acknowledging payment of the claim was forwarded to him from the office of the Secretary of

State, and he was informed that upon his signing, executing and returning the same, the claim would be paid. He received the documents, and died before signing them. Subsequent to his death, the plaintiff, as administratrix of his estate, signed and returned the voucher and receipt, and demanded payment as such administratrix. Payment being refused, these proceedings were instituted by the administratrix, resulting in the issuance of an alternative writ of mandamus by the Circuit Court for Marion County. A demurrer to the writ was sustained, and the writ was dismissed, and from the judgment of dismissal the plaintiff appeals.                    AFFIRMED.

For appellants there was a brief over the names of *Messrs. Wilson & Guthrie* and *Mr. Cicero F. Hogan.*

For respondents there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. J. A. Benjamin,* Assistant Attorney General.

RAND, J.—1. The state contends that the right to the bonus possessed by the deceased in his lifetime was one that upon his death, under Chapter 201, did not pass to his personal representatives, but became vested in his widow, as provided by section 5 of said act.

Section 5 provides "the husband, wife, child, mother or father, or dependent sister or dependent brother, in the order named, and none other * * shall be paid the bonus that such deceased person would have been entitled to hereunder had such deceased person lived."

The answer to the writ admits that the deceased in his lifetime was entitled to receive from the state either a bonus or a loan; that under the statute he had

a legal right to elect which of the two he would accept, and that he elected to accept the bonus, and not the loan. Also, that he made application for the payment of the bonus, to the World War Veterans' State Aid Commission, the tribunal by law authorized and empowered to pass upon his claim; that his application was approved and a valid order was made directing its payment from a fund appropriated by law for the payment of the claim, and that the commission had legal authority to allow and pay the claim.

When an application is made for the payment of a valid claim against the state by the lawful holder thereof, to a tribunal authorized by law to approve such application, ascertain the amount due thereon, and direct payment thereof, it would seem to follow, as a matter of law, that in the absence of fraud, accident or mistake, the decision of such tribunal in approving the claim and directing payment of the amount ascertained to be due is in the nature of a judgment rendered by a tribunal of competent jurisdiction which settles the rights of the claimant to payment of the amount ascertained to be due, and puts him upon the footing of an acknowledged creditor of the state for that amount. If this is true, the state would thereafter merely hold the money in trust for the applicant. As such creditor he might, at any time in his lifetime, have demanded payment which the state could not lawfully have refused. His failure to receive the money during his lifetime did not extinguish the debt, as that could only be discharged by payment. The amount of the claim so allowed was so much money in the hands of the state to his credit; and upon his death the right to payment but for the provisions of Section 5, would have devolved upon his legal representatives: See 4 Attorney General's Opinions, 238.

By the express provisions of the statute, if the bonus is not paid to the applicant in his lifetime, and such applicant leaves surviving him the relatives named in the statute, the bonus must be paid to such relatives in the order designated by the statute. In the order designated, the plaintiff, as the widow of the deceased, but not as the administratrix of his estate, is the one to whom the bonus must be paid. As his widow she was entitled to be paid, upon demand, the amount that the commission had ascertained to be due to the deceased in his lifetime. She therefore in her individual capacity, but not in her official capacity as the administratrix of his estate, was the real party in interest and the one entitled to prosecute the writ.

2. By Section 6 of the act, application for a cash bonus must be made within one year after the act becomes of force and effect, or within one year after the applicant's discharge, if the applicant was in service at the time the act went into effect. But the provisions of Section 6 above referred to can have no application to the rights of the plaintiff to have the money paid to her when demanded in her individual capacity because her deceased husband made the application, the application was approved, and the amount payable to him was ascertained, and nothing further up to the time of his death remained to be done by the state in relation thereto, except the actual payment of the money.

For this reason we hold that the plaintiff is entitled to demand and receive for her individual use and benefit the amount of the bonus allowed to her husband in his lifetime, without being required to make the formal application provided for by said Section 6.

The judgment appealed from must therefore be affirmed, and it is so ordered.    AFFIRMED.